```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


RAYMOND C. MORGAN,

                    Plaintiff,

         v.                           CASE NO.  08-3067-SAC

SHERIFF LEROY GREENE,
et al.,

                    Defendants.
```

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Federal Correctional Institution, Greenville, Illinois. Plaintiff names as defendants Leroy Greene, Sheriff of Wyandotte County, Kansas; and Roger Werholtz, Kansas Secretary of Corrections.

### CLAIMS

Plaintiff claims "the Wyandotte County Sheriff Department, and the Kansas Department of Corrections" (KDOC) unlawfully held him on a state detainer in the Wyandotte County Adult Detention Center (WCDC) past his release date. He alleges he served two extra months, from November, 2006 to January 26, 2007, in state confinement. Plaintiff seeks $450.00 for each day he was incarcerated beyond his sentence, plus costs of this lawsuit.

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff has filed An Application to Proceed Without Prepayment of Fees (Doc. 2), and has attached an Inmate Account

Statement in support as statutorily mandated. Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account over the preceding six months has been $698.86, and the average monthly balance has been less. The court therefore assesses an initial partial filing fee of $23.00, twenty percent of the average monthly deposit, rounded to the lower half dollar[1].

**SCREENING**

Because Mr. Morgan is currently a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

The few facts upon which plaintiff bases his claim are not clear and appear to be insufficient to state a federal constitutional claim. Mr. Morgan alleges that he was released from federal custody in Oklahoma on March 24, 2006, and taken to the El Reno County Jail where he was held for extradition to Kansas "on a

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

detainer" from Wyandotte County.  He does not specify if this detainer was based upon the new charge he was "fighting" at the time or the old probation violation.  He was picked up by Wyandotte County Sheriff's Department officials on March 28, 2006, and transported to Kansas.  He alleges he sat in the WCDC from March 28, 2006, until December 7, 2006.  He seems to suggest he was held in the WCDC due solely to a probation violation warrant on his 2003 sentence so that all his time at the WCDC must have been credited against that sentence.  He alleges a probation violation hearing was held on July 7, 2006, at which he was ordered to serve his original sentence of a maximum of nine months.

However, plaintiff also mentions that, while at the WCDC, he was "fighting" a new case in which he received probation in November, 2006.  He claims that when the judge ordered probation in his new case, he had "maxed out (his) time" on the old probation violation, and should have been released.  Instead, he was turned over to KDOC on December 7, 2006, and held in custody until January 26, 2007.  He alleges this occurred because the Wyandotte County Sheriff's Office erroneously informed KDOC that he was not in their custody for purposes of the old probation violation until July 7, 2006, and defendants refused to acknowledge time he had already served.

Contrary to plaintiff's claims, it could be that he was held at the WCDC from March 28, 2006, for trial on his new case, and when he received probation in the new case in November, 2006, he was released to serve his 2003 sentence, which had been re-imposed on

3

July 7, 2006[2]. As noted the grounds for plaintiff's claim are not clearly stated. Because it is appears he was in custody for trial on new charges during this time and not held only upon the old probation violation, the court finds plaintiff does not allege sufficient facts to indicate he was detained past the end of his 2003 sentence. The court thus finds that, even accepting the few facts he states as true, plaintiff fails to state a claim for money damages under § 1983.

Mr. Morgan will be given time to file a response to this Order stating whether or not he was being detained at any time between March 28, 2006, and November, 2006, on the new charges or other authority. It appears he has gone from federal custody, to state custody on new and old charges, and back to federal custody. If he was in custody during the time period in question on a new charge or for any crimes other than his 2003 sentence, then he must specify the dates or amounts of credit received toward the 2003 sentence, and the dates or amounts of jail-time credit applied to his 2006 sentence. In other words, he must clearly state facts indicating he was not lawfully detained under other state or federal authority during the time he claims he was entitled to credit on his 2003 sentence.

In addition, plaintiff must inform the court what actions he took at the WCDC and in state court to obtain release from his

---

[2] Plaintiff exhibits the Journal Entry of Probation Revocation Hearing in his case dated July 17, 2006. This document indicates he was originally sentenced for criminal possession of a firearm on June 23, 2003, to a prison term of nine months plus a probation term of 18 months. Probation was revoked on July 7, 2006, and he was ordered to serve his original sentence. He was awarded 23 days jail time credit at the time of his original sentence, and 29 days jail credit while on probation.

allegedly illegal confinement. If he did not seek release through the jail's administrative grievance process or state court action, he should explain why not. This information will aid the court in a determination as to whether or not this action for money damages is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Plaintiff also must describe acts taken by defendant Werholtz that caused the alleged illegal detention. No personal participation by this defendant is alleged, and he may not be held liable based solely upon his supervisory capacity.

Failure to properly respond to this Order as directed or to pay the partial fee as required herein may result in dismissal of this action without prejudice, and without further notice to plaintiff.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 23.00. Any objection to this order must be filed on or before the date payment is due.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff must file a response to this Order stating facts in support of his claim as directed herein.

**IT IS SO ORDERED.**

Dated this 13th day of March, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge